**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

GARY GRIFFIN,                                                                        PLAINTIFF,

VS.                                                                 CIVIL ACTION NO. 1:10CV038-P-D

FOUNTAINBLEU MANAGEMENT
SERVICES, LLC,                                                      DEFENDANT.

## ORDER

This matter comes before the court upon the defendant's motion to dismiss [6]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

To withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding upon such a motion to dismiss, the court is to accept the factual allegations as true; however, it should not assume the correctness of asserted legal conclusions. *Id.*

Pursuant to the Mississippi Supreme Court's decision in *McArn v. Allied Bruce - Terminix Co., Inc.*, an exception to Mississippi's employment-at-will doctrine applies (1) when the employer terminates the employee for refusing to participate in an illegal act; and (2) when the employer terminates the employee for reporting his employer's illegal to the employer or someone else. 626 So.2d 603, 606-7 (Miss. 1993). For the *McArn* exception to apply, "the act complained of [must have] warrant[ed] imposition of criminal penalties, as opposed to mere civil penalties." *Hammons v. Fleetwood Homes of Miss., Inc.*, 907 So.2d 357, 360 (Miss. Ct. App. 2004).

The defendant essentially argues that the plaintiff's lawsuit should be dismissed as a matter

1

of law because the plaintiff did not show that the act complained of (being asked by his employer to release Freon into the air at an apartment complex) warranted imposition of criminal penalties. Though the plaintiff cites 42 U.S.C. § 7413(c)(1) for the possible criminal penalties, the defendant argues that this is not specific enough. The court disagrees and concludes that the defendant has not met its burden in demonstrating that the plaintiff's "*McArn* exception" lawsuit is not plausible on its face warranting a dismissal pursuant to Rule 12(b)(6).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's motion to dismiss [6] is **DENIED**.

**SO ORDERED** this the 10th day of September, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE